## Torrey *et al. v.* Jordan & Smith.

In proceedings by motion against a sheriff and his sureties, for a false return, all the sureties against whom judgment is rendered, must be served with notice, or the judgment will be erroneous.

A recital in the record that *issue being joined, a jury came, &c.* is no evidence of the appearance of parties not served with process.

IN ERROR from the circuit court of the county of Yazoo. Proceeding on motion before the Hon. D. O. Shattuck.

At the May term of said court, 1839, a motion was made by the defendants in error, in the court below, for a judgment against George Torrey, as sheriff, Dugal Torrey, Guilford G. Torrey, and Charles T. Miles, his sureties, for the amount of the fine imposed by law, for making a false return upon an execution in their favor, which had been placed in his hands for collection; and also, for the amount of the execution and the damages allowed by the statute. There is upon the record a notice of the motion directed to all the plaintiffs in error by the attorney of Jordan & Smith. It is returned executed upon George Torrey and Charles T. Miles only. There is a recital in the record that "issue being joined upon said motion, it is ordered by the court that a jury come, &c." There was a verdict and judgment for the defendants in error against all the plaintiffs—the jury having found that the return was false, which stated that the execution in favor of Jordan & Smith for $12,826 24 was levied on certain slaves and subsequently sold under an older judgment. The judgment on the motion for the fine was, that the plaintiffs recover of Torrey and his securities, for themselves and the literary fund of the state, the sum of 500 dollars, that the plaintiffs have one moiety to their own use, and that the literary fund of the state of Mississippi have the other moiety to its use, according to the form of the statute in that case made and provided: together with double costs, &c.

34*

[Torrey *et al. v.* Jordan *&* Smith.]

The errors assigned were, 1st. The court had no right to pronounce judgment against Dugal Torrey and Guilford Torrey, who had no notice of the proceeding.

2d. The legality of the form of the judgment, inasmuch as the statute of 1839, gives the fines assessed in Yazoo to the "Yazoo Library Association," instead of the "Literary Fund of the state."

Holt for plaintiffs in error.

The statute under which this proceeding was had, in obedience to an universally recognised principle of jurisprudence, required the parties to be notified, before their liability could be fixed. As notice in fact was not given to *two* of the securities, the only question which arises, is whether the recital by the clerk that "issue was joined upon the motion," can be regarded as an appearance on *their* part. In 3d Littell, Moore *v.* Parker, approved by this court in 1 Howard, 530, it was determined that an entry in the record, that "the said parties come, &c." would not be construed to include a party upon whom the writ had not been executed. The case at bar, is believed to be stronger than either of those cited. George Torrey and Charles T. Miles may have jointly or separately "joined issue upon the motion," without the appearance of either of the other sureties—the appearance of the latter cannot therefore be *inferred* from the fact that "issue was joined upon the motion." It may be well doubted, whether an entry by the *clerk* that the parties appeared, &c. would be of any avail in support of the judgment against those not notified, unless a plea on their part was contained in the record. There is no plea, here, either by the defendants or their attorneys, and there is nothing to show that two of the sureties ever had "a day in court."

In regard to the *form* of the judgment, the statute (page 39,) of 1839, gives the fines, &c. assessed in Yazoo to "the Yazoo Library Association," instead of the "Literary Fund of the State." Judgment should have conformed to the change made by this statute.

Fitch and Brown, *contra.*

[Torrey *et al. v.* Jordan *&* Smith.]

Mr. Justice TROTTER delivered the opinion of the court.

This judgment is manifestly erroneous. It is contrary to every principle of justice,to render a judgment against a party who has had no notice of the proceeding against him, and consequently no opportunity to defend himself. It does not alter the effect of this principle, that the two defendants below, who had no notice, are merely the sureties of George Torrey. The judgment against him cannot be evidence against them, even in a subsequent suit upon his bond, because having no notice of the motion on which it is grounded, they can in no way be considered parties to it. This was so ruled by this court at a former term, in the case of Carmichael *v.* The Governor, and in Pennsylvania in the case of Carmack *et al. v.* The Commonwealth, 5 *Binney,* 184. The recital that issue was joined upon the motion, is no evidence of the appearance of the parties not served with process. It would be doing violence to every rule of construction, as well as to the rights of the parties, to hold that the recital in this case embraces any other parties than those who were served with the notice.

Let the judgment be reversed, and the cause remanded.